O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RAMIREZ AVILA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>　　　　　Defendant. | CASE NO. ED CV 08-00663 (RZ)<br><br><br>MEMORANDUM OPINION<br>AND ORDER |

　　　　　At some point in the past several years, perhaps in 2003, perhaps in 2007, Plaintiff sprained his ankle. That appears to be what the present lawsuit is about — a sprained ankle. Plaintiff claims that the Administrative Law Judge here made three errors in determining that Plaintiff was not disabled by virtue of his sprained ankle. None of those claims of error is persuasive.

　　　　　Plaintiff argues first that the Administrative Law Judge failed to develop the record. The record contains a medical report, which the Administrative Law Judge thought was signed by "S. Tiffany", in which the ankle sprain was noted, and Plaintiff was said to be temporarily incapacitated or precluded from heavy lifting from December 3, 2007 to February 3, 2008. The Administrative Law Judge did not give very much weight to this statement, and Plaintiff now says that if, as the Administrative Law Judge says, this opinion was ambiguous and it was not clear that "S. Tiffany" was an acceptable medical source, the

Administrative Law Judge should have followed up and developed the record further to clear up those matters.

That would have been a waste of time. The Administrative Law Judge *also* stated that this "opinion" indicated only temporary limitations, and that most certainly is true: it indicated only a period of three months, and during those three months, Plaintiff was not completely disabled, but only precluded from lifting heavy objects. The Administrative Law Judge *also* stated that the opinion was inconsistent with Plaintiff's own subjective statements and testimony about his capabilities, with his tests and examinations, which consistently produced normal and unremarkable results, and with the medical opinions of others. [AR 19.] In this Court, Plaintiff challenges none of these rationales used by the Administrative Law Judge for according no significant weight to the opinions of S. Tiffany.

Even assuming that "S. Tiffany" was an acceptable medical source, all these were valid reasons for not giving the statements much weight. Plaintiff supposedly had an onset date of May 2, 2002, but testified that he was fine until May 2003. The Administrative Law Judge noted that Plaintiff had no treatment for a period of almost two years after he allegedly became disabled but that, despite his claims, he currently can walk a mile at a time, and sit without limitation, even by his own testimony. [AR 17.] The Administrative Law Judge also detailed the many medical reports showing perfectly normal examinations. [AR 17-19.] All of these were valid reasons for limiting the weight given to the statement of S. Tiffany. *Morgan v. Apfel*, 169 F.3d 595, 602-03 (9th Cir. 1999); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

For all these same reasons, Plaintiff's claim that the Administrative Law Judge did not judge his credibility properly is unpersuasive. Plaintiff points to a single statement on his questionnaire, that he keeps his foot elevated to relieve pain. [AR 124.] But in the same questionnaire he stated that he could walk a mile or two, that he bicycles, that he can sit normally, and that he can lift objects up to 30 pounds. [AR 125.] These are the same sorts of things the Administrative Law Judge identified in discrediting Plaintiff, and thus

he did not need to specifically mention Plaintiff's elevating his leg in evaluating the claim. For the same reason, the Administrative Law Judge did not err when he did not include elevation of the leg in the hypothetical question to the vocational expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2000).

The decision of the Commissioner is affirmed.

DATED: February 26, 2009

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE